**STATE of Tennessee, Appellee,**

v.

**German Diaz FORERO, Sener Dario Pena, and George L. Beal, Appellants.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 27, 1985.

Permission to Appeal Denied as to Forero and Pena Oct. 28, 1985.

James S. Evans, Knoxville, for Forero.

Charles M. Corn, Cleveland, for Pena.

Kenneth L. Miller, Cleveland, for Beal.

W.J. Michael Cody, Atty. Gen. & Reporter, Robin J. Mitchell, Asst. Atty. Gen., Nashville, William J. Brown, Asst. Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

DWYER, Judge.

The three appellants entered guilty pleas reserving a certified question of law pursuant to Tenn.R.Crim.P. 37(b)(2)(i). George Beal received a sentence of 10 years and a fine of $1,000 for possessing a Schedule II substance (cocaine) in excess of thirty grams. T.C.A. § 39–6–417(c)(1)(E). German Diaz Forero received a sentence of 15 years plus a fine of $7,000 for possession of a Schedule II substance (cocaine) in excess of thirty grams. Sener Dario Pena received a sentence of 10 years for conspiring to deliver a Schedule II substance (cocaine) in excess of thirty grams.

The evidence presented at the suppression hearing is as follows. Larry Ballentine, a deputy sheriff of Bradley County, was about his duties during the early morning hours of March 7, 1984. While traveling north on Interstate 75, he noticed two vehicles traveling behind him at an excessive rate of speed. After these vehicles passed him by, Officer Ballentine pulled one of the vehicles, a van, over by turning his blue lights on. The driver, Gilbert Hernandez (not an appellant in this cause), exited the van and approached the officer. Officer Ballentine requested a driver's license from Hernandez, explaining that he had been speeding. He then requested the registration papers to the van. Mr. Hernandez replied that the appellant Forero was the owner and that Forero was in the van. Mr. Forero exited the van and told Officer Ballentine that the registration papers were in the van. While Forero was

looking for the registration papers, Officer Ballentine observed incense candles and scales in the front seat of the van. When his search did not produce the papers, Forero told the officer that appellant Pena, who was driving the other vehicle—an Oldsmobile owned by Forero, had the papers in that car.

While the above was taking place, another officer, Officer Epperson, who had been alerted by Officer Ballentine, saw the Oldsmobile stop about a half mile north of the van and then turn its flasher lights on. Officer Ballentine asked Officer Epperson to check with the driver of the Oldsmobile, appellant Pena, for the registration papers to the van. When Officer Epperson requested identification from Pena, the officer noticed that Pena had five different sets of identification. Pena then told Officer Epperson that not only did he not have any papers on the van, but he did not know Forero either. The two officers then decided to move the Oldsmobile, the van, and the passengers off the interstate to a safer place where a further check of the vehicles could be undertaken.

At the parking lot of the Burger Tire Company searches were made of the van and the Oldsmobile. A substantial amount of cocaine and various types of drug paraphernalia equipment were uncovered.

In different variations all three appellants raise the same issue. The issue is: whether the evidence seized as a result of the search should have been suppressed. In another light, the appellants maintain that the trial court erred in overruling their motion to suppress the evidence obtained from the search and seizure. Tenn.R. Crim.P. 12.

■ With Officer Ballentine testifying that the van was speeding, the stop was legal. Next, the appellants, with reliance on T.C.A. § 55-4-108, contend that Officer Ballentine, not being a State Highway Patrol officer, had no right to demand the registration papers on the van from Forero. Hence, it is their argument the accompanying search and discovery of the contraband should have been suppressed. We are not in accord with their argument. The statute directs that only officers of the department and State troopers have the authority to stop a vehicle and check the registration papers. That is not the case here for the stop by the county officer was legal. Even in the best light to appellants, it however would not necessitate the exclusion of the evidence uncovered during the search. Officer Ballentine merely requested the papers from Forero, and when Forero in compliance with that request re-entered the van, the officer saw the scales and incense candles. He testified that when he saw the paraphernalia he knew that these items were consistent with drug traffic. At that time, the officer had probable cause to search the van. Moreover, the statement by Pena denying that he knew the occupants of the van further strengthened the probable cause. Officer Ballentine's action was not unreasonable under these circumstances. Additionally, the officer would have been amiss in his duties not to continue the search. It further was a use of good common sense to move the vehicles off the expressway, not only as a safety factor in regards to traffic, but for the safety of the officers themselves as well.

In short, the stop, arrest and search were proper. The initial intrusion was lawful for the van was speeding. It must be remembered that the officer had observed two speeding vehicles, and he concluded from their closeness that they were traveling together. The answers of Forero and the answers of Pena in addition to seeing the scales and candles provided sufficient probable cause to support the resulting search. *State v. Shrum*, 643 S.W.2d 891 (Tenn.1982); *Hughes v. State*, 588 S.W.2d 296 (Tenn.1979). There is absolutely no evidence in this record that would support any standing for Pena and Beal to object to the search of the vehicles. Even if they had standing, a warrantless search here based on probable cause violated none of the trio's constitutional rights.

The issue overruled, the judgment of the trial court is affirmed.

BYERS, J., and RICHARD R. FORD, Special Judge, concur.